NO. 07-04-0425-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 26, 2004


______________________________



ROBERT LEE OCANAS,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 181st DISTRICT COURT OF POTTER COUNTY;



NO. 2003-47,903-B; HON. JOHN B. BOARD, PRESIDING


_______________________________



ABATEMENT AND REMAND


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.


 Appellant Robert Lee Ocanas appeals his conviction of conspiracy to commit
murder. The appellate record is due in this cause. However, this Court received
notification by letter suggesting that appellant lacks sufficient economic means to pay for
it. 

 Accordingly, we now abate this appeal and remand the cause to the 181st District
Court of Potter County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following: 

 1. whether appellant desires to prosecute the appeal; 

 2. whether appellant is indigent; and, 

 3. whether the appellant is entitled to appointed counsel and a free appellate 

 record. 


The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings
of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed
a supplemental clerk's record containing the findings of fact and conclusions of law and all
orders it may issue as a result of its hearing on this matter, and 3) cause to be developed
a supplemental reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Should it be determined that appellant wishes to prosecute the
appeal, is indigent, and is entitled to an appointed attorney and has no counsel, then the
trial court shall appoint counsel to him, unless appellant knowingly and voluntarily waives
counsel. Furthermore, the name, address, and phone number of any counsel appointed
by the trial court to represent appellant shall be included in the supplemental record. The
trial court shall also file both supplemental records with the clerk of this court on or before
November 29, 2004. Should further time be needed by the trial court to perform these
tasks, then it must be requested before November 29, 2004. 

 It is so ordered. 

 Per Curiam 


Do not publish.